HIRAM E. WELTON *vs.* THE TOWN OF WOLCOTT.

The statute (Gen. Statutes, tit. 15, ch. 2, part 1, sec. 5,) provides that "when a person not an inhabitant shall become poor and unable to support himself, the selectmen of the town shall furnish him with necessary support as soon as his condition shall come to their knowledge." Held not necessary that the selectmen should act as a body, or upon consultation, in such a case, but that any one of them was empowered to furnish the relief needed.

And held therefore that a town was liable for necessaries furnished to such a person upon the request of one of the selectmen.

WRIT OF ERROR to reverse a judgment of the Court of Common Pleas in New Haven County in favor of the defendants in an action of assumpsit for supplies furnished to a

pauper; the case having been tried below on the general issue, closed to the court, before *Peck, J.*, who made a finding of the facts. The case is sufficiently stated in the opinion.

*W. Cothren*, for the plaintiff.

*J. O'Neill*, for the defendants.

PARDEE, J. William Brown, a pauper having his settlement in the town of Morris, was temporarily in the town of Wolcott, and in want. Of these facts the plaintiff gave notice to one of the selectmen of Wolcott, who said to him that if he would furnish necessaries to the pauper the town would pay him therefor; whereupon he furnished them. Payment not being made. he brought his action to the Court of Common Pleas, which decided that the town was not liable.

The statute (Revision of 1875, p. 199, sec. 5,) provides that "when a person not an inhabitant of the town in which he resides shall become poor and unable to support himself, the selectmen of such town shall furnish him with necessary support as soon as his condition shall come to their knowledge; and each selectman neglecting such duty shall forfeit seven dollars to him who shall sue for the same."

This statute, framed in the interest of humanity, is intended to make the provision for the poor so complete that if a man is overtaken by want when he is absent from home, and the fact comes to the knowledge of any of the selectmen of the town in which he happens to be, there instantly springs up the duty to give him food if he is hungry or medicine if he is sick. In this particular matter this section of the statute does not intend to give time for investigation as to where his legal settlement may be, before action; nor does it allow of the operation of that rule of law which determines that when power is given to two or more selectmen for public purposes, and especially for purposes of a judicial character, it shall, when all have been legally notified, be executed by a majority, and not by one of them. This necessary assistance is not a matter of discretion and is not to depend upon the result of a consultation; the mandate seems to be to each

selectman; and it requires action as soon as there is knowledge. The intent to furnish immediate relief is the marked characteristic of the section; and we should nullify its whole purpose if we determined that it imposes no duty upon and requires no action from one until notice has been given to all.

We think that the one selectman who was notified could without conference with his associates have used the public money for the immediate relief of the person in want; could have fed him at his own house and charged the town with the expense; could have furnished the food at the house of another; or could ask that other to furnish the food and could bind the town to pay for it.

In view of the nature of the relief and of the circumstances under which it is to be granted, we think that this section of the statute makes the town of Wolcott responsible for the promise made in this case by one of its selectmen.

We advise the Court of Common Pleas that there is error in the judgment complained of, and that judgment should be rendered for the plaintiff for the sum of $150 and his costs.

In this opinion the other judges concurred.